PAUL D. BORMAN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MAGISTRATE JUDGE SCHEER

| | |
|---|---|
| COVERALL NORTH AMERICA, INC. | § |
| | § |
| Plaintiff, | § |
| | § |
| | §   Civil Action No. _____ |
| v. | § |
| | § |
| TADEUSZ WAWER d/b/a T.S. WAWER | § |
| CLEANING SERVICES, INC. and | § |
| INTIER AUTOMOTIVE SEATING OF AMERICA, INC. | § |
| | § |
| Defendants. | § |

03CV73368

### COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Coverall North America, Inc. ("Coverall"), by its attorneys, as and for its

Complaint ("Complaint") for Preliminary and Permanent Injunctive Relief, Damages and Other

Relief against Defendants Tadeusz Wawer d/b/a T.S. Wawer Cleaning Services, Inc., and Intier

Automotive Seating of America, Inc., states as follows:

### The Parties

1.      Coverall is a Delaware corporation with its principal place of business in Fort

Lauderdale, Florida.  Coverall grants franchises to qualified persons to operate commercial

janitorial and building cleaning businesses and to use the Coverall trade names and mark, as well

as Coverall's operating system, in connection therewith.  Coverall franchisees are provided with,

among other things, training, equipment, billing and collection services, and a quality control

program.  Coverall franchisees are also provided with an initial customer base.  Under the

Coverall system, Coverall obtains customer accounts, which are contracts between Coverall and

cleaning customers, under which Coverall delegates the performance of services to its

franchisees.

1

2.      Defendant Taduesz Wawer ("Wawer") is, on information and belief, a resident of Wayne County, Michigan.  Wawer is a former franchisee of Coverall.

3.      Intier Automotive Seating of America, Inc. ("Intier") is, upon information and belief, a Michigan corporation with its principal place of business in Novi, Michigan.  Intier is a former cleaning customer of Coverall.

## Jurisdiction and Venue

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      The Court has jurisdiction over Coverall's request for a declaratory judgment pursuant to 28 U.S.C. §2201, *et seq.*

6.      Venue is proper in this Court under 28 U.S.C. § 1391 given that a substantial part of the events or omissions took place in this judicial district and Wawer resides in this judicial district.

## The Parties' Written Franchise Agreement

7.      On or about March 5, 1993, Sleeping Bear Investment Co. Inc. d/b/a Coverall of Detroit, Inc. ("Sleeping Bear") and Wawer entered into a written Janitorial Franchise Agreement (the "Franchise Agreement") pursuant to which Sleeping Bear granted Wawer a franchise to operate a commercial janitorial business in the Hamtramck, Michigan area.  (A true and correct copy of the Franchise Agreement is annexed hereto as Exhibit A.).

8.      On or about December 1, 2000, Coverall acquired Sleeping Bear and became the assignee of Sleeping Bear's rights and obligations under the Franchise Agreement.

2

9.      Pursuant to §1 of the Franchise Agreement, the parties agreed that Coverall would "furnish to Franchisee certain janitorial customer accounts amounting to $3,000 gross volume per month." *See* Ex. A.   Wawer agreed to provide janitorial services for those customers delegated to him by Coverall.

10.     Further, pursuant to §3 of the Franchise Agreement, the parties agreed that Coverall would retain the contract rights on all janitorial customer accounts and would directly bill Coverall's customers, accept payment from its customers, and maintain revenue records for its customers.

11.     Wawer also agreed to perform certain acts and to refrain from engaging in certain other acts as part of his obligations under the Franchise Agreement.  In particular, Wawer agreed that he would abide by all restrictive covenants set forth in the Franchise Agreement.  Pursuant to §16 of the Franchise Agreement, Wawer acknowledged that after the end of the parties' franchise relationship he would not, among other things:

> compete, directly or indirectly, for a period of two (2) years with Coverall or any of Coverall's affiliates or franchisees by engaging in (either as an individual, officer, employee, agent, director, stockholder, partner or in any other capacity) or having any financial interest in any business that performs in any county located partially or entirely within the Std. Metro. Statistical Area in which the Franchisee resides, any of the services or business which Franchisee is authorized to perform under this Agreement.

*See* Ex. A.

12.     Section 23 of the Franchise Agreement provides that if any action at law or in equity is required to enforce the terms of the Franchise Agreement, the prevailing party shall be entitled to reasonable attorneys' fees, costs and necessary disbursements incurred therein.

3

## The Intier Contract

13.     Intier is a business located at 39600 Lewis Drive, Novi, Michigan 48377.

14.     Prior to June, 2003, Intier had been a customer of Coverall for eleven (11) years.

15.     On June 21, 2002, Coverall and Intier entered into their most recent contract (the "Intier Contract"), pursuant to which Coverall offered to provide and Intier accepted commercial janitorial services for Intier's offices. (A true and correct copy of the Intier Contract is annexed hereto as Exhibit B.) Pursuant to Paragraph 2 of the Intier Contract, Intier agreed that Coverall would delegate all janitorial services to one of its Coverall franchisees. The contract term was from June 20, 2002, through June 20, 2003.

16.     To further memorialize the Intier Contract, on August 27, 2002, Intier sent Coverall a Purchase Order (the "Purchase Order") for cleaning services from June 20, 2002, through June 20, 2003. (A true and correct copy of the August 27, 2002, Purchase Order is annexed hereto as Exhibit C.) The Intier Contract and Purchase Order make clear that the only parties thereto were Intier and Coverall.

17.     The value of the services provided by Coverall under the Intier Contract from June 20, 2002, through June 20, 2003, was $240,000.

18.     Coverall performed all of its obligations under the Intier Contract. Specifically, pursuant to the terms of the Intier Contract, Coverall delegated the performance of janitorial services for Intier to its franchisee, Wawer. Wawer provided janitorial services for Intier pursuant to the Intier Contract from June 20, 2002, through June 20, 2003, on Coverall's behalf. In addition, commencing in March, 1993, Wawer had serviced all of the prior contracts between Intier and Coverall.

4

### Wawer's Refusal to Renew the Franchise Agreement

19.    Coverall's Franchise Agreement with Wawer was scheduled to end on March 5, 2003.

20.    Prior to termination, Coverall offered Wawer the opportunity to renew the Franchise Agreement. However, on March 10, 2003, Wawer's counsel informed Coverall that Wawer would not renew the Franchise Agreement at the end of its term.

21.    By letter dated March 19, 2003, Coverall acknowledged Wawer's refusal to renew and demanded that Wawer comply with his post-termination obligation not to compete, either directly or indirectly, for a period of two (2) years from the date of nonrenewal, with Coverall or any of its affiliates by engaging in any commercial janitorial services business in his former service area. (A true and correct copy of Coverall's March 19, 2003, letter is annexed hereto as Exhibit D.)

### Wawer's Violation of His Covenant Not to Compete and Other Wrongful Conduct

22.    During a telephone conference on May 15, 2003, Wawer's counsel informed Coverall that Wawer would not honor his non-compete and that, in direct violation of §16 of the Franchise Agreement, Wawer would operate a competing commercial janitorial services business. Wawer's counsel also informed Coverall that, despite termination of the Franchise Agreement on March 5, 2003, Wawer would continue servicing Intier on behalf of Coverall through June 20, 2003. Wawer's counsel also stated that after June 20, 2003, Wawer would keep Intier as his own customer and service Intier directly without Coverall's involvement.

23.    In addition to operating a competing commercial janitorial services business under the name T.W. Wawer Cleaning Services, Inc., Wawer has wrongfully interfered with Coverall's clients. Specifically, Wawer has wrongfully interfered with Coverall's business

5

relationship with Intier and is now providing the janitorial services for Intier that Coverall provided from 1992 through June, 2003. Wawer used his unique position as the Coverall franchisee servicing the Intier Contract to interfere with and obtain the benefits of that long-standing business relationship.

24. Coverall has at all times complied with and fully performed all of its obligations under the Franchise Agreement.

COUNT I<br>Injunctive Relief - Wawer

25. Coverall repeats and realleges ¶¶ 1 through 24 of its Complaint as and for this ¶ 25, as if fully set forth herein.

26. Wawer's continued operation of a business providing commercial janitorial services within the operating territory of his former franchised Coverall business constitutes a violation of his covenant not to compete under the Franchise Agreement.

27. In addition, Wawer has intentionally and without justification encouraged Intier, a customer of Coverall's for eleven (11) years, to cease doing any business with Coverall.

28. Unless enjoined, Wawer will continue to violate his covenant not to compete under the Franchise Agreement.

29. By reason of Wawer's ongoing and continuing misconduct, Coverall has been and, unless Wawer's misconduct is enjoined, will continue to suffer irreparable harm, including lost sales, lost profits and business opportunities, and damage to goodwill and reputation.

30. Coverall has no adequate remedy at law because the harm it has suffered and will continue to suffer includes lost sales, lost profits and business opportunities, loss of goodwill and damage to reputation, which are difficult to quantify, such that damages alone cannot fully compensate Coverall for its loss.

6

## COUNT II
### Alternative Claim for
### Breach Of Contract - Wawer

31.     Coverall repeats and realleges ¶¶ 1 through 30 of its Complaint as and for this ¶ 31, as if fully set forth herein.

32.     Wawer's continued operation of a business providing commercial janitorial services within the operating territory of his former franchised Coverall business constitutes a violation of his covenant not to compete under the Franchise Agreement.

33.     As a proximate result of Wawer's breaches, Coverall has suffered and will continue to suffer harm for which an award of damages is appropriate.

## COUNT III
### Tortious Interference -Wawer

34.     Coverall repeats and realleges ¶¶ 1 through 33 of its Complaint as and for this ¶ 34, as if fully set forth herein.

35.     At all times relevant hereto, Coverall had a contractual relationship and certain expectations of a continued business relationship with Intier that was ongoing and continuing. Based upon its eleven-year history with Intier, Coverall had the reasonable expectation of continuation of the Intier Contract and an ongoing business relationship with Intier with the likelihood of realization of future economic benefit for Coverall.

36.     As the Coverall franchisee providing services on Coverall's behalf under the Intier Contract, Wawer was uniquely aware of that Contract and Coverall's business expectancies.

37.     Wawer intentionally and without justification encouraged Intier not to renew the Intier Contract and to cease doing any business with Coverall. Wawer engaged in these actions to specifically encourage Intier to enter into a contractual or business relationship with Wawer.

7

38.     Coverall has suffered actual damages as a direct and proximate result of Wawer's misconduct and such damages are continuing.  In addition, Wawer's actions are intentional and egregious and of such a nature as to entitle Coverall to exemplary or punitive damages to deter any future conduct of this nature.

## COUNT IV
### Tortious Interference - Intier

39.     Coverall repeats and realleges ¶¶ 1 through 38 of its Complaint as and for this ¶ 39, as if fully set forth herein.

40.     At all times relevant hereto, Coverall had a contractual relationship and certain expectations of a continued business relationship with Wawer that was ongoing and continuing.  Coverall had the reasonable expectation of continuation of this contract and business relationship with the likelihood of realization of future economic benefit for Coverall.

41.     At all times relevant hereto, Intier was aware of the contract between Coverall and Wawer and Coverall's business expectancies.

42.     Intier, intentionally and without justification, encouraged Wawer not to renew the Franchise Agreement.  Intier engaged in these actions to specifically encourage Wawer to enter into a direct contractual or business relationship with Intier.

43.     Coverall has suffered actual damages as a direct and proximate result of Intier's misconduct and such damages are continuing.  In addition, Intier's actions were intentional and egregious and of such a nature as to entitle Coverall to exemplary or punitive damages to deter any future conduct of this nature.

8

## COUNT V
### Conspiracy to Interfere with Contracts and Business Expectancies – Wawer and Intier

44. Coverall repeats and realleges ¶¶ 1 through 43 of its Complaint as and for this ¶ 44, as if fully set forth herein.

45. Intier and Wawer jointly, intentionally, and without justification devised a plan or scheme to deprive Coverall of the benefits associated with its contracts and prospective business relationships. In particular, Intier and Wawer devised a plan or scheme pursuant to which Wawer refused to renew the Franchise Agreement and Intier refused to renew the Intier Contract with the intent that Wawer and Intier would contract directly with each other for janitorial services.

46. Coverall has suffered actual damages as a direct and proximate result of Wawer and Intier's misconduct and such damages are continuing. In addition, Wawer and Intier's actions were intentional and egregious and of such a nature as to entitle Coverall to exemplary or punitive damages to deter any future conduct of this nature.

## COUNT VI
### Specific Performance And Declaratory Relief - Wawer

47. Coverall repeats and realleges ¶¶ 1 through 46 of its Complaint as and for this ¶ 47, as if fully set forth herein.

48. Pursuant to 28 U.S.C. §2201, Coverall is entitled to a declaration of the rights of the parties at this time.

49. Coverall is entitled to specific performance of Wawer's obligations under the Franchise Agreement, including, but not limited to Wawer's covenant not to compete under the Franchise Agreement.

9

50.     Unless Wawer is preliminarily enjoined from the foregoing conduct, Coverall will be irreparably harmed by:

    (a)     Loss of confidence and trust of clients, loss of goodwill, and loss of business reputation; and

    (b)     Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

51.     In addition to a declaration of the parties' rights and the recovery of damages, Coverall has demonstrated a likelihood of success on the merits and that Coverall will suffer irreparable harm without an injunction.

52.     Coverall has no adequate remedy at law because the harm it has suffered and will continue to suffer includes lost sales, lost profits and business opportunities, loss of goodwill and damage to reputation, which are difficult to quantify, such that damages alone cannot fully compensate Coverall for its loss.

53.     By virtue of Wawer's wrongful conduct, Coverall has and will continue to suffer substantial damages which it is entitled to recover from Wawer under each of the claims above. Coverall is entitled to an accounting of all profits realized by Wawer as a result of the foregoing improper acts and failures, and to recover all of the damages that Coverall has suffered as a result of Wawer's actions. These damages include, without limitation, the attorneys' fees that Coverall has been required to expend in the instant action and in bringing this Complaint. The evidence shall disclose that damages are not less than $75,000.

WHEREFORE, plaintiff Coverall North America, Inc. demands judgment in its favor and against defendants Tadeusz Wawer d/b/a T.S. Wawer Cleaning Services, Inc. and Intier Automotive Seating of America, Inc., as follows:

10

A.   That the Court declare the rights of the parties pursuant to 28 U.S.C. §2201, including granting a declaration that Wawer has improperly breached the Franchise Agreement and repudiated it without justification.

B.   That the court grant specific performance of all obligations imposed on Wawer, including without limitation, the post termination obligations of the Franchise Agreement, including the covenant not to compete.

C.   On all claims for relief, that Wawer and all persons acting in concert or privity with him, including officers, agents, servants, employees, successors and assigns, jointly and severally, be preliminarily and permanently enjoined to require Wawer to observe all obligations imposed on him by the Franchise Agreement, including without limitation, his covenant not to compete.

D.   An award of damages in an amount to be proven at trial;

E.   An award of exemplary damages;

F.   An award of attorneys' fees and costs; and

G.   Such other and further relief as the Court deems just and proper.

COVERALL NORTH AMERICA, INC.

Dated: August 27, 2003

By:_____
Paul R. Fransway (P37900)
One of its Attorneys

*Attorneys for Plaintiff*
Paul R. Fransway (P37900)
Karl V. Fink (P13429)
*PEAR SPERLING EGGAN & DANIELS, P.C.*
24 Frank Lloyd Wright Drive
Ann Arbor, Michigan 48105
(734) 665-4441

Fredric A. Cohen
John A. Hughes
*PIPER RUDNICK LLP*
203 North LaSalle Street, 18th Floor
Chicago, Illinois 60601
(312) 368-4000

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED